# UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH
# CENTRAL DIVISION

| | |
|---|---|
| ESSOCIATE, INC., a Delaware corporation, | ) ) **REPORT AND RECOMMENDATION RE:** |
| | ) **MOTION TO COMPEL PRODUCTION** |
| Plaintiff, | ) **OF DOCUMENTS** |
| | ) |
| v. | ) |
| | ) |
| LINKTRUST SYSTEMS, INC., | ) Civil Action No. 2:13-MC-1050-TS-EJF |
| | ) |
| Respondent. | ) |

Plaintiff Essociate, Inc.'s ("Plaintiff") moved to Compel Production of Documents and for Sanctions ("Motion"). (ECF No. 2.) The Court[1], having reviewed the Motion, the Declaration of Keith Scully, Respondent LinkTrust Systems, Inc.'s ("Respondent") Response to the Motion, and Plaintiff's Reply thereto, hereby finds as follows.

1. Plaintiff is entitled to the records it requests in the subpoenas at issue;

2. Respondent's objections do not excuse compliance; and,

3. The Court modifies the subpoenas in light of the Respondent's objections as follows:

    a. Definition at paragraph 10 will only seek documents dating back to May 23, 2006 as to Eagle Web (*Essociate v. Eagle Web*, Case No. SACV12-831 JVS (MLGx) (Central Dist. of Calif.)) and dating back to July 18, 2007 as to NDemand (*Essociate v. NDemand*, Case No. SACV13-1080 CJC (ANx)

---

[1] On November 27, 2013, Judge Ted Stewart referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B). (ECF No. 3.)

(Central Dist. of Calif.))—six years prior to the filing of each case because 35 U.S.C. § 286 sets the statute of limitations on damages at six years;

    b. Definitions of "Documents" shall all be understood to request only "reasonably accessible" documents as set forth by Fed. R. Civ. P. 26(b)(2)(B);

    c. Definition of "Relating to" will not include the words "supporting" or "contradicting" or the phrase "in any way". This limitation should avoid concerns about having to produce computer code as well as only philosophically related documents—meaning those documents one could say relate in some way to those requested because everything in the universe relates to everything else on some level.

4. Respondent may produce documents pursuant to the standard protective order used in this District, in accordance with DUCivR 26-2, and as it appears in Appendix XV to the Rules of Practice for the District of Utah. By using the confidential or attorneys eyes only designations, Respondent should have the ability to protect sensitive information from widespread disclosure.

5. Plaintiff withdrew its request for fees and costs, and the Court does not recommend awarding any.

THEREFORE, the Court RECOMMENDS the District Court grant Plaintiff's Motion in part and deny it in part and order:

1. Respondent to provide full and complete responses to the subpoenas as modified no later than fourteen (14) days from the date of the District Court's Order.

2. Respondent to identify available dates for a records deposition within seven (7) days of the entry of the District Court's Order. Respondent shall make itself available for a deposition to occur within twenty-one (21) days of the entry of the District Court's Order.

Within 10 days after being served with a copy of this Report and Recommendation, a party may

serve and file specific, written objections. A party may respond to another party's objections within 10 days after being served with a copy thereof. Pursuant to 28 U.S.C. § 636(b)(1)(C), the District Judge to whom this case is assigned shall make a de novo determination on the record of any portion of the undersigned's disposition to which specific written objections have been made. The District Judge may accept, reject, or modify the recommended decision, receive further evidence or re-commit the matter to the magistrate judge with instructions.

DATED this 12 August 2014.

Evelyn J. Furse
United States Magistrate Judge